```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HISHAM M. ABUHAMDIA,

                Plaintiff,

      -against-

UNITED HEALTH CARE,

                Defendant.

24-CV-1918 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

      In a Complaint filed March 13, 2024, Plaintiff *pro se* Hisham M. Abuhamdia ("Plaintiff") alleges his former employer, Defendant United HealthCare Services, Inc. ("UHCS"), discriminated against him on the basis of a disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213. *See* Dkt. No. 1 (the "Complaint" or "Compl.") § III(A). UHCS seeks to compel Plaintiff to pursue his claims in arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and UHCS's Employment Arbitration Policy (the "Arbitration Policy"), which expressly covers employment discrimination claims. *See* Dkt. No. 13 (the "Motion" or "Mot."). For the reasons stated herein, UHCS's Motion is GRANTED.

## BACKGROUND

### I. Plaintiff's Allegations

      In his Complaint, Plaintiff alleges UHCS violated the ADA through employment discrimination on the basis of a disability—specifically, his "chronic neck, shoulder, upper extremity and lower back pain from disc herniations and nerve root compression." *See* Compl. § III(A). He also alleges UHCS took several adverse employment actions against him. *See* Compl. § IV(A). Prior to initiating this action, Plaintiff filed a charge of discrimination against

1

UHCS with the U.S. Equal Employment Opportunity Commission ("EEOC") and alleges that he received a Notice of Right to Sue from the EEOC on March 6, 2024.  *See* Compl. § V.

## II.     The UHCS Employment Arbitration Policy

The Arbitration Policy explicitly covers "all claims and controversies, past, present, or future that [an] employee may have against UnitedHealth Group . . . , which arise out of or relate to employee's employment, application for employment, and/or termination of employment." Dkt. No. 12-2 ("Agreement") at 1.  It provides that if a legal dispute between UHCS and a UHCS employee cannot be resolved "through informal resolution or through the internal dispute resolution [] process," it is to "be resolved through binding arbitration."  *Id*.  It further expressly covers "claims for discrimination and harassment; retaliation claims; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance."  *Id*.  All UHCS employees agree to the Arbitration Policy by "[a]cceptance of employment or continuation of employment with" UHCS.  *Id*.; *see also* Dkt. No. 12-1 (Plaintiff's employment offer letter stating that "[b]y accepting employment with [UHCS], you agree to be bound by the terms of the Arbitration Policy.").  Plaintiff also explicitly acknowledged that he was bound to the terms of the Arbitration Policy by his electronic signature on April 13, 2022.  *Id*. at 7 ("I understand that my electronic signature will be binging as though I had physically signed this document by hand.").

## III.    Procedural History

Plaintiff initiated this action on March 13, 2024, seeking damages for "wage losses – loss of time [and] opportunities while working with the employer – mental, physical [and] emotional damage – medical bills [and] front pay[.]"  *See* Compl. § VI.  On March 14, 2024, the Court granted his application to proceed *In Forma Pauperis*.  *See* Dkt. No. 3.  Defendant UHCS was served on May 31, 2024, *see* Dkt. No. 8, and UHCS appeared and filed the instant Motion on

June 21, 2024.  *See* Dkt. Nos. 9–14.  Plaintiff opposed the Motion on July 19, 2024, *see* Dkt. No. 17, and UHCS filed its reply in further support of the Motion on September 20, 2024.  This Opinion and Order followed.

## LEGAL STANDARD

The FAA "reflects a liberal federal policy favoring arbitration agreements and places arbitration agreements on the same footing as other contracts." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (internal references omitted).  Under Section 2, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Section 4 provides that parties can petition a district court for an order compelling arbitration.  9 U.S.C. § 4.  The role of the courts is "limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate."  *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (quoting *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996)).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

In considering a motion to compel arbitration, "courts apply a standard similar to that applicable for a motion for summary judgment," deciding whether there is an issue of fact as to the making of the agreement based on "all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with … affidavits."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks omitted).  "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).  The objecting party may not satisfy this burden through "general denials

of the facts on which the right to arbitration depends . . . but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

## DISCUSSION

As the Second Circuit has made clear, while filings made by *pro se* litigants must be construed liberally and to raise the strongest arguments they suggest, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law, nor must courts excuse frivolous or vexatious submissions. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). While Plaintiff raises various arguments and allegations in the Opposition, the Court's role at this stage of the case is limited to determining "i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d at 120. In his Opposition, Plaintiff does not dispute that he agreed to arbitrate the claims he brings in this action with UHCS, nor that he was properly notified of the Arbitration Policy at the beginning of his employment, nor that he electronically signed an acknowledgment of the Arbitration Policy. There is also no dispute that Plaintiff has refused UHCS's request to arbitrate.

Despite these concessions, Plaintiff essentially asks this Court to refrain from enforcing the valid Arbitration Policy due to allegations of unconscionability (Opp. ¶¶ 5, 6), fraud (*id*. ¶ 2), prior breach of contract by UHCS (*id*. ¶ 3), or violations of his constitutional right to a jury trial pursuant to the Seventh Amendment (*id*. ¶ 8). He also argues that one of his claims falls within an "exception" in the Arbitration Policy (*id*. ¶ 7). None of these arguments have merit.

*First*, there is zero evidence before the Court of any fraud or breach having been committed by UHCS, and to the extent Plaintiff intends to pursue those as future claims against UHCS, those claims would be subject to arbitration. *See* Agreement at 1 (all common law

claims are covered by Arbitration Policy); *see also Galli v. PricewaterhouseCoopers LLP*, No. 20 CIV. 01640 (LGS), 2020 WL 8768079 (S.D.N.Y. Aug. 12, 2020) (challenges to arbitration agreements as being procured by fraud should be considered by an arbitrator, not a court).

*Second*, the Seventh Amendment—which reserves the right to a jury trial in "[s]uits at common law, where the value in controversy shall exceed twenty dollars," *see* U. S. Const., amend. VII.—does not prohibit agreements to arbitrate claims. *See In re Am. Express Anti-Steering Rules Antitrust Litig.*, 433 F. Supp. 3d 395 (E.D.N.Y. 2020), *aff'd*, 19 F.4th 127 (2d Cir. 2021) (rejecting the plaintiffs argument that the Seventh Amendment prohibits irrevocable arbitration agreements because "the Constitution permits waivers of this right via arbitration agreements between two private parties," *citing Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999), and *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 414 (S.D.N.Y. 2003)).

*Third*, all the claims Plaintiff raises in his Complaint are subject to arbitration under the explicit and unambiguous terms of the Arbitration Policy.  While the Arbitration Policy contains exclusions for "claims for . . . state disability insurance" and "claims for benefits under UnitedHealth Group's Short-Term Disability Plan," *see* Agreement at 2, Plaintiff does not claim, in his Complaint or Opposition, that he was denied any disability benefits.  *See* Opp. ¶ 2 (generalized allegations regarding denial of accommodation paperwork); *id*. ¶ 7 (alleging UHCS refused to allow him to file for disability accommodations); *see also* Compl. § VI (alleging damages for wage losses, opportunity costs, mental, physical and emotional damage, medical bills, and front pay, but not for denial of state disability benefits or insurance).  Rather, Plaintiff's claims against UHCS in this action are for disability discrimination under the ADA, which are unambiguously covered by the terms of the Arbitration Policy.  *See* Agreement at 2 (covering

claims for discrimination and retaliation, including discrimination or retaliation claims based upon seeking state disability insurance, as well as claims for violations of any federal, state, or local law).

Construing all Plaintiff's remaining arguments liberally, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d at 477, the Court has considered them and finds them unavailing. Because the Court finds that there is a valid agreement between the parties to arbitrate all claims in this action, the Court must order Plaintiff to comply with its terms.

## CONCLUSION

For the reasons stated above, UHCS's Motion to Compel Arbitration is GRANTED. Because neither party has requested a stay, and because all claims are being referred to arbitration, dismissal of the action is appropriate. *See Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). The Clerk of Court is respectfully directed to terminate Dkt. No. 11 and to CLOSE this case.

Dated: November 12, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge